**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 5 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS, JONESBORO DIVISION

DAVID GREGORY

      Plaintiff,

vs.

No. 3:16cv340-DPM

ALEJANDRO PEREZ and
AGRILEUM ENVIRONMENTAL SERVICES, LLC

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

      Defendants.

## NOTICE OF REMOVAL

      COME NOW the Defendants Alejandro Perez and Agrileum Environmental Services, LLC by and through their attorney of record, pursuant to 28 U.S.C. § 1441(b) and §1332(a), and files the following Notice of Removal of this action from state court (the Circuit Court of Crittenden County, Arkansas, Civil Division) to this Honorable Court and states to the Court as follows:

### THE REMOVED CASE

1.      On November 3, 2016, Plaintiff David Gregory commenced a civil action in the Circuit Court of Crittenden County, Arkansas, Civil Division (hereinafter the "state court") under the style *David Gregory v. Alejandro Perez and Agrileum Environmental Services, LLC,*

docket number CV-2016-655. The civil action is still pending in state court.

## PAPERS REMOVED FROM ACTION

2.     The defendant Alejandro Perez has agreed to waive service of process and allow counsel to accept service of the Summons and Complaint (for the State Court action) on his behalf. As of December 2, 2016, the Defendant has, through counsel, accepted service of process of the Summons and Complaint, along with Plaintiff's First Set of Interrogatories to Defendant Alejandro Perez, Plaintiff's First Set of Requests for Production of Documents to Defendant Alejandro Perez, attached as **Exhibit 1**.

3.     Defendant Alejandro Perez first received a copy of the Summons and Complaint, on December 2, 2016.

4.     The Summons and Complaint (for the State Court action) was served on the Defendant Agrileum Environmental Services, LLC's agent for service of process on November 9, 2016, the date Defendant was served with the Summons and Complaint, along with Plaintiff's First Set of Interrogatories to Defendant Agrileum Environmental Services, LLC, Plaintiff's First Set of Requests for Production of Documents to Defendant Agrileum Environmental Services, LLC, attached as

**Exhibit 2**.   Defendant Agrileum Environmental Services, LLC received the Summons and Complaint from its agent for service of process on November 11, 2016.

5.   Defendant Agrileum Environmental Services, LLC first received a copy of the Summons and Complaint, on November 11, 2016.

6.   The Summons and Complaint, copies of which are attached hereto as **Exhibit 1 and 2**, along with the accompanying written discovery, constitute all process, pleadings and papers served upon Defendant Agrileum Environmental Services, LLC in the civil action to date and all pleadings and papers filed in the Circuit Court of Crittenden County, Arkansas, with the exception of the Amended Complaint which was filed by Plaintiff on December 1, 2016 in the Circuit Court of Crittenden County, Arkansas.

7.   Attached as **Exhibit 3** are copies of all of the papers contained in the court file of the Circuit Court of Crittenden County, Arkansas as of the date of the filing of the Notice of Removal, according to the office of the Clerk of the Circuit Court of Crittenden County, Arkansas and which includes the Amended Complaint filed on December 1, 2016.

## THE REMOVAL IS TIMELY

8.     This Notice of Removal has been filed within thirty (30) days of service or receipt and, therefore, is timely under 28 U.S.C. § 1446(b).

9.     Defendants have done nothing in the civil action in state court that would in any way affect this Court's removal and subject matter jurisdiction of this case.

## THE VENUE REQUIREMENT IS MET

10.     Venue of the removal is proper under 28 U.S.C. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

11.     The civil action is one of which this Court has diversity of citizenship jurisdiction pursuant to under 28 U.S.C. § 1332 and removal jurisdiction pursuant to under 28 U.S.C. § 1441 and § 1446 in that:

    a. Plaintiff is a citizen of the State of Arkansas; and,

    b. Defendant Alejandro Perez is a citizen of the State of Tennessee; and,

    c. Defendant Agrileum Environmental Services, LLC is a limited liability Company organized and domiciled and existing under

the laws of the State of Delaware and the principal place of business of Defendant Agrileum Environmental Services, LLC is 2227 Deadrick Avenue, Memphis, Tennessee.

d. Arkansas is not a "direct action" state.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. The monetary value of the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

13. While Plaintiff's Complaint does not mention a specific *ad damnum,* paragraph 17 of the Amended Complaint states: "[t]hat the amount in controversy is in excess to the amount needed to involve Federal jurisdiction in diversity of jurisdiction (sic) cases." Plaintiff's claimed medical expenses alone (without regard to other elements of damages) are in the amount of $116,599.59, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to Plaintiffs' counsel, and a Notice of Filing of Notice of Removal (which has been attached hereto as **Exhibit 4**) has been filed in the Circuit Court of Crittenden County, Arkansas.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Alejandro Perez and Defendant Agrileum Environmental Services, LLC respectfully request that the civil action now pending in the Circuit Court of Crittenden County, Arkansas be removed to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided for by law.

HICKMAN, GOZA & SPRAGGINS, PLLC

BY: _____

Russell B. Jordan (ARK # 2013122)
Attorneys for Defendants Alejandro
Perez and Agrileum Environmental
Services, LLC
P.O. Box 16340
119 So. Main St., Suite 500
Memphis, TN  38186
(901) 881-9840 Ext 102 - phone
(844) 256-0993 - facsimile

E-Mail address:    RJordan@Hickmanlaw.com

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that a true copy of the foregoing was electronically filed with
the United States District Court for the Eastern District of Arkansas, Jonesboro
Division and has been served upon the following:

**Via Fax to (870) 739-5561 and Via U.S. Mail**
**Via Email to hhystaff@yahoo.com**
Mr. James C. Hale, III
Attorney at Law
66 Mound City Road
Marion, Arkansas 72364

Via First Class U.S. Mail, Fax and E-Mail, as indicated above, this the 2nd day of
December 2016.

_____

Russell B. Jordan

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                                      **PLAINTIFF**

vs.                                    No. *DR 2016 - 655*
                                           **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                               **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**   Alejandro Perez, 2188 Cherry Valley Lane, Memphis, Tennessee 38116-1119

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address is:   Thomas A. Young, 66 Mound City Road Marion, Arkansas 72364

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:**   Plaintiff's First Set of Interrogatories Propounded to Defendant, Alejandro Perez and Plaintiff's First Set of Requests for Production of Documents to Defendant, Alejandro Perez

WITNESS my hand and seal of this Court on this *3rd* day of *Nov*, 2016.

Circuit Court Clerk                              CIRCUIT COURT CLERK
100 Court Street
Marion, Arkansas 72364               BY: *Carolyn Perry*                D.C.



## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                                              **PLAINTIFF**

**vs.**                              No. CV-2016-655
                              **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                           **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:** Agrileum Environmental Services, LLC, c/o Registered Agent-Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address is: Thomas A. Young, 66 Mound City Road Marion, Arkansas 72364

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:** Plaintiff's First Set of Interrogatories Propounded to Defendant, Agrileum Environmental Services, LLC and Plaintiff's First Set of Requests for Production of Documents to Defendant, Agrileum Environmental Services, LLC

WITNESS my hand and seal of this Court on this 3rd day of Nov., 2016.

Circuit Court Clerk                                    CIRCUIT COURT CLERK
100 Court Street
Marion, Arkansas 72364                    BY Carolyn Perry                D.C.

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY** **PLAINTIFF**

vs.           No. *C V-2016-655*
                **JURY DEMANDED**

**ALEJANDRO PEREZ and** **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### COMPLAINT

Comes now the Plaintiff, David Gregory, by and through his attorney, James C. Hale, III, and for his cause of action against the Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, states as follows:

1. That the Plaintiff is a resident citizen of West Memphis, Crittenden County, Arkansas, and was the time of the accident giving rise to this action was a resident of West Memphis, Crittenden County, Arkansas

2. That the Defendant, Alejandro Perez, upon information and belief, was for all times relevant to this action was a resident citizen of County of Shelby, State of Tennessee.

3. That the Defendant, Agrileum Environmental Services, LLC (hereinafter referred to as "Agrileum Environmental"), upon information and belief, is a foreign corporation formed under the laws of Delaware, which is engaged in the organic chemicals manufacturing business, with a principal place of business located at 2227 Deadrick Avenue, Memphis, Tennessee 38114-3645, and whose status with the Tennessee Secretary of State's Office is listed as being in good standing

1

with its registered agent for service of process listed as Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

4. That the Plaintiff's cause of action arises out of a wreck which occurred in or near Brookland, Craighead County, Arkansas on August 4, 2015.

5. That venue and jurisdiction are proper in this Court.

6. More particularly, the Defendant, Alejandro Perez, who was at all times relevant to this cause of action the agent, servant and/or employee of Defendant, Agrileum Environmental, was traveling southbound on Highway 49 in Brookland, Arkansas. Plaintiff was a passenger in a vehicle traveling southbound on Highway 49 in Brookland, Arkansas, when the Defendant, Alejandro Perez, rear ended the vehicle in which Plaintiff was a passenger.

7. That the Defendant, Alejandro Perez, was negligent because he was following too close, failed to yield, was driving too fast for conditions then and their existing, failed to keep a proper lookout, failed to keep his vehicle under proper control, and failed to maintain control of his vehicle. The Defendant, Alejandro Perez, failed to devote full time and attention to the operation of the vehicle; he failed to maintain proper control; he failed to keep a proper lookout; he failed to abide by the traffic markings; and he failed to use reasonable and ordinary care under the circumstances then existing.

8. That at the time of the wreck, Defendant, Alejandro Perez was employed by Defendant Defendant, Agrileum Environmental, and was therefore the agent, servant and/or employee of the Defendant, Agrileum Environmental, at the time of the wreck and therefore all of his actions, inactions and negligence are imputed to Defendant, Agrileum Environmental, who is vicariously . liable for Defendant, Alejandro Perez's actions, inactions, and negligence which caused the wreck

2

that caused the Plaintiff's injuries complained of herein.   The Defendants are, therefore, jointly and severally liable for the negligence of Alejandro Perez and, therefore, are sued jointly and severally.

9.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered diminished capacity to enjoy life and daily activities, all for which he should be compensated for by the Defendants.

10.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered and has incurred extensive medical expenses, all for which he should be compensated for by the Defendants.

11.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has had to undergo extensive and painful medical treatment and will require future medical treatment as well, all for which he should be compensated for by the Defendants.

12.   That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered pain and suffering in the past and will suffer same in the future, all for which he should be compensated for by the Defendants.

13.   That as a direct and proximate result of the Defendants' negligent actions and inactions, Plaintiff has suffered a loss of income and earning capacity, all for which he should be compensated for by the Defendants.

14.   That as a direct and proximate result of the Defendant's negligent actions and inactions, the Plaintiff has suffered monetary losses other than medical expenses, all for which he should be compensated for by the Defendants.

3

15. That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered mental anguish in the past, and will suffer mental anguish in the future, all for which he should be compensated for by the Defendants.

16. That the amount in controversy is less than needed to invoke Federal jurisdiction in diversity of jurisdiction cases.

17. That the Plaintiff demands a trial by jury.

18. That the Plaintiff reserves the right to amend his pleadings at a later date.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter a judgment against Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, jointly and severally, in an amount sufficient to adequately compensate Plaintiff for the damages he has suffered as a direct and proximate result of the acts of negligence of Defendants, for attorney's fees and costs, and for any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

James Q. Hale, III (#89056)
Attorney at Law
66 Mound City Road
Marion, Arkansas 72364
(870) 739-1888

4

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

DAVID GREGORY                                           PLAINTIFF

vs.                           No. CV-20-16-655
                              JURY DEMANDED

ALEJANDRO PEREZ and                                    DEFENDANTS
AGRILEUM ENVIRONMENTAL SERVICES, LLC

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, ALEJANDRO PEREZ

COMES now the Plaintiff, David Gregory, by and through his counsel of record, James

C. Hale, III, and for Plaintiff's First Set of Interrogatories to Defendant, Alejandro Perez, to be

answered in writing and under oath within forty-five (45) days in accordance with the Arkansas

Rules of Civil Procedure, sets forth the following:

## DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

1

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                                         **PLAINTIFF**

vs.                                   No. CV-20-16-655
                                      **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                                  **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, ALEJANDRO PEREZ

COMES now the Plaintiff, David Gregory, by and through his counsel of record, James

C. Hale, III, and for Plaintiff's First Set of Interrogatories to Defendant, Alejandro Perez, to be

answered in writing and under oath within forty-five (45) days in accordance with the Arkansas

Rules of Civil Procedure, sets forth the following:

### DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

1

G.    **MEDICAL CONDITION** means a MEDICAL CONDITION of any kind, physical or mental, including disease, injury, ailment, infirmity, impairment or disability.

H.    **MEDICAL CARE PROVIDER** means all persons or institutions who provide any type of health care or rehabilitation care on a professional basis, including physicians, surgeons, nurses, paramedics, physical therapists, rehabilitation therapists, chiropractors, podiatrists, acupuncturists, psychiatrists, psychologists, mental health counselors and therapists, hospitals, health care centers, trauma centers, health maintenance organizations (HMO), rehabilitation facilities, medical clinics and associations of MEDICAL CARE PROVIDERS in any form.

I.    **IDENTIFY A PERSON** means to state his or her full name, address, telephone number; his or her social security number; his or her occupation; the name, address and telephone number of his or her employer, if known; and any family, social, recreational, professional or employment relationship to you.

J.    **IDENTIFY A BUSINESS ENTITY** means to give that entity's full name; principal address of the business; telephone numbers; type of entity (e.g., corporation, partnership, etc.); place of incorporation, names, addresses, and titles of principal executive officers.

K.    **IDENTIFY A DOCUMENT (INCLUDING A STATEMENT)** means to describe briefly the form of the document; describe generally the subject of its contents state the date and place of preparation or mailing; and IDENTIFY the person or firm who has professional control of the original copy of the document.

L.    **TRIP** means the trip, journey, errand, drive, excursion, outing etc., in which the DEFENDANT was traveling in the VEHICLE at the time of the OCCURRENCE.

## INTERROGATORIES

INTERROGATORY NO. 1:    State your full and complete name, social security number, your present home address, telephone number and, if different, your complete home address and telephone number at the time this accident occurred.

INTERROGATORY NO. 2:    Please set forth your full legal name.

INTERROGATORY NO. 3:    Please set forth any other names which you have used, if any, and the inclusive dates during which each name was used.

INTERROGATORY NO. 4:    Please set forth the date of your birth.

INTERROGATORY NO. 5:    Please set forth the place of your birth.

2

INTERROGATORY NO. 6:    Please set forth the highest degree you have received from an educational institution.

INTERROGATORY NO. 7:    Please identify any educational institution from which you have received a degree.

INTERROGATORY NO. 8:    As to any college you attended, please set forth the dates on which you attended that college.

INTERROGATORY NO. 9:    As to any college you attended, please set forth any declared major area of study.

INTERROGATORY NO. 10:    As to any college you attended, please describe any certificate or degree you received as a result of your course of study.

INTERROGATORY NO. 11:    If you completed the prescribed course of study at any college but did not receive a degree, please state the reason you did not receive that degree.

INTERROGATORY NO. 12:    Please identify any high school you attended.

INTERROGATORY NO. 13:    As to any high school you attended, please set forth the dates that you attended that high school.

INTERROGATORY NO. 14:    Please state the date that you graduated from high school.

INTERROGATORY NO. 15:    Please identify any trade school you attended.

INTERROGATORY NO. 16:    As to any trade school you attended, please set forth the dates that you attended that school.

INTERROGATORY NO. 17:    As to any trade school you attended, please set forth the nature of the subjects studied at that school.

INTERROGATORY NO. 18:    Have you ever been a member of the armed services?

INTERROGATORY NO. 19:   If you were a member of the armed services, please set forth the branch of military service in which you served.

INTERROGATORY NO. 20:   If you were a member of the armed services, please set forth the highest military rank you attained.

INTERROGATORY NO. 21:   If you were a member of the armed services, please set forth the inclusive dates of your service.

INTERROGATORY NO. 22:   If you were a member of the armed services, please set forth the type discharge you received.

INTERROGATORY NO. 23:   Please state whether you are presently married.

INTERROGATORY NO. 24:   If you are presently married, please identify your spouse.

INTERROGATORY NO. 25:   If you are presently married, please set forth the date that you were married.

INTERROGATORY NO. 26:   If you are presently married, please state whether you have ever instituted a proceeding for annulment, legal separation, or dissolution of marriage.

INTERROGATORY NO. 27:   If you are presently married, please state whether you are separated from your spouse.

INTERROGATROY NO. 28:   Please state whether you were formerly married.

INTERROGATORY NO. 29:   If you were formerly married, please identify the person (s) to whom you were formerly married.

INTERROGATORY NO. 30:   If you were formerly married, please set forth the date your former marriage(s) was terminated.

INTERROGATORY NO. 31:   Do you have children?   If so, state the following as to each child:

4

(a)   The name(s), age(s), and address(es) if said child lives at an address different than yours;

(b)   If any of your children identified above do not reside with you, identify by full name, address and telephone number the person(s) with whom each child lives.

INTERROGATORY NO. 32:   Please state whether you are presently employed.

INTERROGATORY NO. 33:   If your answer to Interrogatory No. 32 was yes, please state where you are employed.

INTERROGATORY NO. 34:   If your answer to Interrogatory No. 32 was yes, please describe your job duties.

INTERROGATORY NO. 35:   If your answer to Interrogatory No. 32 was yes, please state your rate of pay.

INTERROGATORY NO. 36:   If your answer to Interrogatory No. 32 was yes, please identify your immediate supervisor.

INTERROGATORY NO. 37:   Please identify each employer for whom you have worked during the last five (5) years.

INTERROGATORY NO. 38:   As to each employer for whom you have worked during the last five (5) years, please set forth your job duties during the course of the employment.

INTERROGATORY NO. 39:   As to each employer for whom you have worked during the last five (5) years, please set forth the reason(s) you left or were terminated from each said employment.

INTERROGATORY NO. 40:   At the time the accident in question occurred, were you employed?   If so, please state the following as to each such employment at that time:

(a)      The identity of each employer, including their complete name and address;

5

(b)    The identity of the person who was your immediate supervisor in reference to services you performed at Agrileum Environmental;

(c)    The beginning and ending dates of your employment or present status of employment with Agrileum Environmental;

(d)    What your job position and duties were with respect to each employment;

(e)    Were you acting within the course and scope of your employment for another person or company who was under contract to Agrileum Environmental when the accident occurred?  If so, identify the other person or entity that had such an agreement or contract with Agrileum Environmental.

INTERROGATORY NO. 41:   Please list each state that has issued you a motor vehicle driver's license in the past 10 years including those licenses that may have now expired or been canceled, withdrawn, suspended or revoked, listing the name of each issuing state and the approximate date of issuance and termination for each license held.   (Please include all valid, canceled, suspended, terminated or revoked licenses.)

INTERROGATORY NO. 42:   If your driver's license has ever been withdrawn, state with particularity the following:

(a)    On what date(s) your driver's license withdrawal was effective;

(b)    Why your driver's license was withdrawn;

(c)    If your driver's license was withdrawn by court order, state the address and jurisdiction of said court; and

(d)    If your driver's license was withdrawn by a government agency, state the name and address of the government agency.

INTERROGATORY NO. 43:   If you have ever received a citation for a traffic law

6

violation, state with particularity the following:

 (a) On what date(s) you received each traffic law violation citation;

 (b) Why you received each traffic law violation citation;

 (c) State the name, address and jurisdiction of the law enforcement agency that issued each said traffic law violation; and

 (d) State whether you were arrested for each said violation, and the location and jurisdiction of each said arrest.

INTERROGATORY NO. 44:   If you have ever been arrested for any crime(s), please answer the following:

 (a) What was the original charge(s) made against you?

 (b) Where (City, County, State) were the charges brought against you?

 (c) What was the charge(s) of which you were convicted?

 (d) Did you plead guilty to the charge(s)?

 (e) Did you plead no contest to the charge(s)?

 (f) Were you convicted of the charge(s) after a trial?

 (g) What was the penalty imposed against you for each such conviction?

INTERROGATORY NO. 45:   Have you ever been involved in any other vehicular accidents prior to your involvement in the accident in question? If you have answered in the affirmative please state:

 (a) The approximate date, time and location of each accident and/or incident;

 (b) A basic description of each accident and/or incident.

INTERROGATORY NO. 46:   In the last six (6) years, have you received any traffic citations for moving traffic violations from any local, state or federal enforcement officers? If so,

please state:

      (a)     The approximate date, time and location of the issuance of each citation;

      (b)     The type of violation(s) that were listed on each citation.

INTERROGATORY NO. 47:  If your driver's license has ever been suspended, state with particularity the following:

      (a)     On what date(s) your driver's license suspension was effective;

      (b)     Why your driver's license was suspended;

      (c)     If your driver's license was suspended by court order, state the address and jurisdiction of said court; and

      (d)     If your driver's license was suspended by a government agency, state the name and address of the government agency.

INTERROGATORY NO. 48:  If your driver's license has ever been revoked, state with particularity the following:

      (a)     On what date(s) your driver's license revocation was effective;

      (b)     Why your driver's license was revoked;

      (c)     If your driver's license was revoked by court order, state the address and jurisdiction of said court; and

      (d)     If your driver's license was revoked by a government agency, state the name and address of the government agency.

INTERROGATORY NO. 49:  If your driver's license has ever been canceled, state with particularity the following:

      (a)     On what date(s) your driver's license cancellation was effective;

      (b)     Why your driver's license was cancelled;

(c)    If your driver's license was cancelled by court order, state the address and jurisdiction of said court; and

(d)    If your driver's license was cancelled by a government agency, state the name and address of the government agency.

INTERROGATORY NO. 50:    Were you employed on the date of the incident?

INTERROGATORY NO. 51:    If your answer to Interrogatory No. 50 was yes, please identify your employer.

INTERROGATORY NO. 52:    If your answer to Interrogatory No. 50 was yes, please identify your position with each employer.

INTERROGATORY NO. 53:    If your answer to Interrogatory No. 50 was yes, please identify your immediate supervisor.

INTERROGATORY NO. 54:    Please set forth the hours you worked on the date of the incident.

INTERROGATORY NO. 55:    Please state whether you were acting as an agent of any person, business, partnership, or joint venture at the time of the incident and identify the person or entity with particularity, if other than Defendant Agrileum Environmental.

INTERROGATORY NO. 56:    Please state whether you were rendering any service to anyone at the time of the incident other than Defendant Agrileum Environmental.

INTERROGATORY NO. 57:    If your answer to Interrogatory No. 56 was yes, please identify each person for whom you were providing a service at the time of the incident.

INTERROGATORY NO. 58:    In reference to the trip and materials and/or supplies you may have been transporting at the time the accident occurred, please state:

(a)    The exact date, location and approximate time of your departure from the origin

9

point (address, city and state) where you traveled to the location where you either loaded the cargo and/or picked up the supplies and/or materials ultimately involved in the accident;

(b)    Did you load the supplies and/or materials into the vehicle you were driving when this accident occurred?    Did someone else load the vehicle?    If so, identify the person(s) who loaded the vehicle.    If you have or had any evidence of loading or payment you made to any person(s) for loading of the vehicle, please attach a copy or identify the documents;

(c)    The exact date, approximate time, and identity, by complete name and address of the location(s) where you picked up the vehicle involved in the accident;

(d)    The identity of the owner of the vehicle you were driving when the accident occurred, listing their complete name, address and phone number;

(e)    The exact date and approximate trip departure time from the point where you picked up the vehicle and began your over-the-road travel to the accident scene;

(f)    State your travel itinerary for the thirty (30) days preceding the accident and your mode of transportation for each destination, indicating the location(s) you traveled from and the location(s) of your travel destination(s).

INTERROGATORY NO. 59:    In reference to Agrileum Environmental, please describe each document furnished to you by Agrileum Environmental and/or documents you had to prepare for each trip, such as, but not limited to, your trip report, trip envelope or fuel report, indicating what documents you were required to turn in to Agrileum Environmental before receiving payment for your services and/or reimbursement for expenses?

INTERROGATORY NO. 60:    Do you contend that the conduct of any other person contributed to the Plaintiff's damages?

INTERROGATORY NO. 61:    If your answer to Interrogatory No. 60 was yes, please

10

identify each person that you contend contributed to Plaintiff's damages.

INTERROGATORY NO. 62:   If your answer to Interrogatory No. 60 was yes, please set forth how that person contributed to Plaintiff's damages.

INTERROGATORY NO. 63:   If your answer to Interrogatory No. 60 was yes, please identify each person who has knowledge of any fact relating to that contention.

INTERROGATORY NO. 64:-  If your answer to Interrogatory No. 60 was yes, please identify each writing relating to that contention.

INTERROGATORY NO. 65:   Please identify the custodian of each writing identified in your answer to Interrogatory No. 64.

INTERROGATORY NO. 66:   With reference to each affirmative defense you alleged in your answer to Plaintiff's Complaint, please set forth all facts which support that defense

INTERROGATORY NO. 67:   With reference to each affirmative defense you alleged in your answer to Plaintiff's Complaint, please identify each person who has knowledge relating to any facts supporting that defense.

INTERROGATORY NO. 68:   With reference to each affirmative defense you alleged in your answer to Plaintiff's Complaint, please identify each document relating to that defense.

INTERROGATORY NO. 69:   With reference to each denial set forth in your answer to Plaintiff's Complaint, please set forth each fact upon which you base that denial.

INTERROGATORY NO. 70: .  With reference to each denial set forth in your answer to Plaintiff's Complaint, please identify each person who has knowledge of any fact relating to the denial.

INTERROGATORY NO. 71:   With reference to each denial set forth in your answer to Plaintiff's Complaint, please identify the present custodian of each writing relating to that denial.

11

INTERROGATORY NO. 72:   Do you contend that you were not negligent?

INTERROGATORY NO. 73:   If you deny negligence, please set forth each fact which supports that denial.

INTERROGATORY NO. 74:   If you deny negligence, please identify each person who has knowledge of any fact relating to that denial.

INTERROGATORY NO. 75:   If you deny negligence, please identify each writing relating to that denial.

INTERROGATORY NO. 76:   Do you contend that David Gregory, or the driver of the vehicle that David Gregory was a passenger in at the time of the occurrence that gives rise to this cause of action was negligent?

INTERROGATORY NO. 77:   If your answer to Interrogatory No. 76 was yes, please set forth each fact supporting that contention.

INTERROGATORY NO. 78:   If your answer to Interrogatory No. 76 was yes, please identify each person who has knowledge of any facts relating to that contention.

INTERROGATORY NO. 79:   If your answer to Interrogatory No. 76 was yes, please identify each writing relating to that contention.

INTERROGATORY NO. 80:   If your answer to Interrogatory No. 76 was yes, please identify the present custodian of any writing relating to that contention.

INTERROGATORY NO. 81:   Do you contend that any negligence on the part of David Gregory, or the driver of the vehicle that David Gregory was in, was a proximate cause of this accident?

INTERROGATORY NO. 82:   If your answer to Interrogatory No. 81 was yes, please set forth each fact supporting that contention.

INTERROGATORY NO. 83:   If your answer to Interrogatory No. 81 was yes, please identify each person who has knowledge of any fact relating to that contention.

INTERROGATORY NO. 84:   If your answer to Interrogatory No. 81 was yes, please identify each writing relating to that contention.

INTERROGATORY NO. 85:   If your answer to Interrogatory No. 81 was yes, please identify the present custodian of any writing relating to that contention.

INTERROGATORY NO. 86:   At the time of the incident did you have any impairment of vision in either eye?

INTERROGATORY NO. 87:   If your answer to Interrogatory No. 87 is yes, please describe the impairment.

INTERROGATORY NO. 88:   Please further set forth whether you were wearing glasses or contact lenses at the time of the incident.

INTERROGATORY NO. 89:   Please identify any health care provider who examined your eyesight within the last five (5) years.

INTERROGATORY NO. 90:   Do you regularly wear glasses or contact lenses?

INTERROGATORY NO. 91:   Please state whether glasses have ever been prescribed for you.

INTERROGATORY NO. 92:   If your answer to Interrogatory No. 91 was yes, please identify the health care provider who prescribed glasses for you.

INTERROGATORY NO. 93:   Are you blind in either eye?

INTERROGATORY NO. 94:   If you answer to Interrogatory No. 93 was yes, please state which eye.

INTERROGATORY NO. 95:   Are you now or have you ever had surgery performed on

13

either eye?

INTERROGATORY NO. 96:    If your answer to Interrogatory No. 95 was yes, please identify the doctor who performed the surgery.

INTERROGATORY NO. 97:    Please set forth how many miles you drove on the date of the incident.

INTERROGATAORY NO. 98:    State the nature and purpose of the trip you were on at the time of the accident.

INTERROGATORY NO. 99:    How many hours had you been driving at the time the accident in question occurred?

INTERROGATORY NO. 100:    State the place, time and duration of your last stop, rest, or break prior to the accident in question, and state your activities during that stop, rest or break.

INTERROGATORY NO. 101:    What was your destination at the time of the accident (address, city and identity of person/company at destination address).

INTERROGATORY NO. 102:    Please state whether you took any medication of any description within forty-eight (48) hours before this incident.

INTERROGAORY NO. 103:    If your answer to Interrogatory No. 102 was yes, please set forth the type of each medication.

INTERROGATORY NO. 104:    If your answer to Interrogatory No. 102 was yes, please further set forth the quantity of the medication ingested.

INTERROGATORY NO. 105:    If your answer to Interrogatory No. 102 was yes, please further set forth the time the medication was ingested.

INTERROGATORY NO. 106:    During the twenty-four (24) hours preceding the collision referred to in Plaintiff's Complaint, had you consumed any drug, either legal or illegal,

14

prescription or non-prescription? If your answer is yes, please state each type of drug you consumed, the dosage or quantity, the time each drug was consumed and if the drug was a prescription, the name of the prescribing physician.

INTERROGATORY NO. 107: At any time during the six (6) months preceding the date of the collision, had any physician prescribed any narcotic medication, sleeping medication, barbiturate or pain medication? If your answer is yes, then for each such prescription, please state:

(a)     The name of each prescribing doctor;

(b)     The name and dosage of the medication;

(c)     The reason you were taking the medication; and,

(d)     The last date and time you took the medication prior to the automobile collision.

INTERROGATORY NO. 108: Please give the name and address of every doctor, hospital, medical care provider, or counselor who has treated you for any physical, mental, emotional or psychological problem or condition, including any that may have treated you or evaluated you as a result of incarceration.

INTERROGATORY NO. 109: Please identify by name and address each person, hospital, clinic, and organization from which you have received any form of counseling or treatment for drug and/or alcohol use, including any treatment you started and/or completed in jail or prison.

INTERROGATORY NO. 110: Please state whether you had any impairment or disability at the time of the incident.

INTERROGATORY NO. 111: If your answer to Interrogatory No. 110 was yes, please state whether the impairment or disability affected your ability to drive.

15

INTERROGATORY NO. 112: If your answer to Interrogatory No. 110 was yes, please state whether you were suffering from any sickness at the time of the incident.

INTERROGATORY NO. 113: If your answer to Interrogatory No. 112 is yes, please set forth how long you had suffered from that sickness prior to the incident.

INTERROGATORY NO. 114: If your answer to Interrogatory No. 110 was yes, please identify each doctor who treated you for that condition in two (2) years preceding the incident.

INTERROGATORY NO. 115: If your answer to Interrogatory No. 110 was yes, please identify any hospital in which you were treated for that condition in the last two (2) years immediately preceding the incident.

INTERROGATORY NO. 116: Do you contend that there was anything about your health which in any way contributed to the incident?

INTERROGATORY NO. 117: If your answer to Interrogatory No. 116 was yes, please state how the condition contributed to the incident.

INTERROGATORY NO. 118: Please state whether you have been examined by any doctor in the five (5) years preceding the incident.

INTERROGATORY NO. 119: If your answer to Interrogatory No. 118 was yes, please identify all doctors who examined you.

INTERROGATORY NO. 120: If your answer to Interrogatory No. 118 was yes, please set forth the reason for the examination.

INTERROGATORY NO. 121: If your answer to Interrogatory No. 118 was yes, please set forth the diagnosis that resulted from the examination.

INTERROGATORY NO. 122: Were you injured in the incident?

INTERROGATORY NO. 123: If your answer to Interrogatory No. 122 was yes, please

set forth the nature of your injuries.

INTERROGATORY NO. 124:   If your answer to Interrogatory No. 122 was yes, please identify each doctor who treated you for the injuries.

INTERROGATORY NO. 125:   Did anyone, after the accident in question occurred, make a recording, either in writing or by use of electronic recording equipment of your version of the accident either in person or by telephone?   If so, please identify each such person and the approximate date, time and location of each such occurrence indicating the method utilized in recording your version of the accident indicating the identity of the Custodian of such statement(s).

INTERROGATORY NO. 126:   Please state the name, address and telephone number of all lay witnesses you intend upon calling at trial of this matter and the nature and subject matter of the anticipated of the anticipated testimony of each lay witness.

INTERROGATORY NO. 127:   Please state the name, address and telephone number of all expert witnesses you intend upon calling at trial of this matter.

INTERROGATORY NO. 128:   With respect to any expert witnesses, please state:

(a)    The nature and subject matter of the anticipated testimony of each expert witness;

(b)    A description of all materials, whether written, photographic, or videotape which has been supplied to any expert witness; and

(c)    Whether the expert has generated any written reports, correspondence, or memoranda setting forth any opinions.

INTERROGATORY NO. 129:   Please state the name, address and telephone number of all persons having knowledge with respect to the collision referred to in Plaintiff's Complaint. With respect to each, please designate those persons who (a) were passengers in your vehicle; (b)

17

who actually observed the collision; (c) who have knowledge or information relative to the collision but did not personally observe it, (d) who otherwise have knowledge or information potentially relevant to the collision, including all employees or officers of Agrileum Environmental, and (e) state with particularity what knowledge each person has.

INTERROGATORY NO. 130: Please identify each policy of liability insurance providing potential coverage with respect to the allegations contained in Plaintiff's Complaint, including any umbrella policies that may cover the incident as well. With respect to each policy of insurance, please state the following:

(a)   The name and address of the insurance carrier;

(b)   The amount of liability coverage afforded by each policy;

(c)   The named insured for each policy;

(d)   Whether the present lawsuit is being defended under any reservation of rights; and

(e)   The name of your personal automobile policy carrier that was in effect at the time of the accident.

INTERROGATORY NO. 131: After the collision in question, did anyone request that you take a drug and/or alcohol test? If your answer is yes, state:

(a)   The name and address of each person making such a request;

(b)   The date and time of each request;

(c)   The action you took with respect to each request; and

(d)   The results of each test.

INTERROGATORY NO. 132: Please state whether prior to this accident you had ever been randomly tested for alcohol or controlled substances, and if so whether any test was "positive" for alcohol and/or controlled substances either by employer, law enforcement

18

personnel, parole and/or probation officer.

INTERROGATORY NO. 133:  Have you, or has anyone acting for you, obtained a statement from anyone concerning the occurrence?

INTERROGATORY NO. 134:  Have you given a statement to anyone concerned the occurrence?  If so, state the name, address and employer of the person who you gave the statement, when you gave the statement, and for what purpose the statement was given.

INTERROGATORY NO. 135:  Have you, or anyone acting for you, obtained any medical records concerning Elton Anthony from any source other than the plaintiff's attorneys?  If your answer is yes, then please identify each provider by name and address and date(s) of service.

INTERROGATORY NO. 136:  Please describe all exhibits, including all tangible evidence which you may or will introduce into evidence, or refer to or utilize in any manner at any time during the course of the trial of this case.  Include all photographs, documents and other things you will use as demonstrative tools to convey any information to the jury, regardless of whether these will be submitted into evidence.

INTERROGATORY NO. 137:  Please state what photographs have been taken of the vehicles involved in the accident and/or of the accident scene and specify as to each set of photographs, the name and address of the photographer and the date(s) the photographs were made.

INTERROGATORY NO. 138:  If you have been involved in any traffic accidents before or since the subject accident, state the date, location, investigating police department and what, if any, citation you received in the accident.

INTERROGATORY NO. 139:  Were there any mechanical defects, malfunctions or

19

abnormal conditions relating to the vehicle you were operating at the time of the collision?   If so, please describe such and state whether you feel that any defects, malfunctions or abnormal conditions caused or contributed to the collision.

INTERROGATORY NO. 140:   Please state the approximate time of day at which the incident occurred.

INTERROGATORY NO. 141:   Please state the approximate length of time you remained at the scene after the incident occurred.

INTERROGATORY NO. 142:   Please state how you left the scene of the incident.

INTERROGATORY NO. 143:   Please identify each person who was with you when you left the scene of the incident.

INTERROGATORY NO. 144:   Please state your first destination after leaving the scene of the incident.

INTERROGATORY NO. 145:   Please set forth how long it took you to get to your ultimate destination after you left the scene of the incident.

INTERROGATORY NO. 146:   Please identify each person who provided any information, of whatever nature or description, relating to any of your answers to these Interrogatories.

INTERROGATORY NO. 147:   Please state whether each answer to each Interrogatory set forth herein accurately sets forth the sum total of all facts known to you relating to the subject matter of the Interrogatory.

INTERROGATORY NO. 148:   Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only those facts as are within your personal knowledge, but also those facts as are reasonably

20

G.    **MEDICAL CONDITION** means a MEDICAL CONDITION of any kind, physical or mental, including disease, injury, ailment, infirmity, impairment or disability.

H.    **MEDICAL CARE PROVIDER** means all persons or institutions who provide any type of health care or rehabilitation care on a professional basis, including physicians, surgeons, nurses, paramedics, physical therapists, rehabilitation therapists, chiropractors, podiatrists, acupuncturists, psychiatrists, psychologists, mental health counselors and therapists, hospitals, health care centers, trauma centers, health maintenance organizations (HMO), rehabilitation facilities, medical clinics and associations of MEDICAL CARE PROVIDERS in any form.

I.    **IDENTIFY A PERSON** means to state his or her full name, address, telephone number; his or her social security number; his or her occupation; the name, address and telephone number of his or her employer, if known; and any family, social, recreational, professional or employment relationship to you.

J.    **IDENTIFY A BUSINESS ENTITY** means to give that entity's full name; principal address of the business; telephone numbers; type of entity (e.g., corporation, partnership, etc.); place of incorporation, names, addresses, and titles of principal executive officers.

K.    **IDENTIFY A DOCUMENT (INCLUDING A STATEMENT)** means to describe briefly the form of the document; describe generally the subject of its contents state the date and place of preparation or mailing; and IDENTIFY the person or firm who has professional control of the original copy of the document.

L.    **TRIP** means the trip, journey, errand, drive, excursion, outing etc., on which the DEFENDANT was traveling in the VEHICLE at the time of the OCCURRENCE.

### REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:   A copy of any paperwork for annulment, legal separation, or dissolution of marriage regarding your present marriage or any prior marriages.

REQUEST FOR PRODUCTION NO. 2:   A copy of your Federal and State Income Tax Returns for the year of 2015 if you deny that you were employed by Agrileum Environmental during that year.

REQUEST FOR PRODUCTION NO. 3:   A copy of your payroll check stubs, W-2 forms, or any other payroll history documentation from your employer(s) at the time of the incident, if you deny that you were employed by Defendant Agrileum Environmental at the time of the

available to you.

INTERROGATORY NO. 149: Defendant is required to supplement its answers without further notice from now until the time of trial whenever Defendant or their counsel obtain further information responsive to the Interrogatories and Requests, or information indicating that a previous response was incorrect or incomplete.   Will you agree to abide by the Arkansas Rules of Discovery and supplement your answers to these questions should you obtain any new information or should your answer change for whatever reason?

Respectfully submitted,

James C. Hale, III (#89056)
Hale, Young & Partlow
66 Mound City Road
Marion, Arkansas   72364
(870) 739-1888

21

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

DAVID GREGORY                                          PLAINTIFF

vs.                    No. CV -2016 -655
                       JURY DEMANDED

ALEJANDRO PEREZ and                                    DEFENDANTS
AGRILEUM ENVIRONMENTAL SERVICES, LLC

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ALEJANDRO PEREZ

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James C.

Hale, III, and propounds the following First Set of Requests for Production of Documents to the

Defendant, Alejandro Perez, to be answered under oath within forty-five (45) days in accordance

with the Arkansas Rules of Civil Procedure:

### DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

1

incident.

REQUEST FOR PRODUCTION NO. 4: A copy of each and every document identified by you in your Answer to Interrogatory No. 59. Specifically, a copy of each document furnished to you by Agrileum Environmental and/or documents you had to prepare for trips, including, but not limited to, trip reports, trip envelopes, and/or fuel reports prior to receiving payment for your services and/or reimbursement for expenses.

REQUEST FOR PRODUCTION NO. 5: A copy of each and every document identified by you in your Answer to Interrogatory No. 64. Specifically, a copy of each writing relating to your contention that any other person contributed to the Plaintiff's damages.

REQUEST FOR PRODUCTION NO. 6: A copy of all documents that support each affirmative defense you alleged in your answer to Plaintiff's Complaint.

REQUEST FOR PRODUCTION NO. 7: A copy of all documents that support each denial set forth in your answer to Plaintiff's Complaint.

REQUEST FOR PRODUCTION NO. 8: A copy of each and every document identified in your Answer to Interrogatory No. 75. Specifically, a copy of each writing relating to your denial of negligence.

REQUEST FOR PRODUCTION NO. 9: A copy of each and every document identified in your Answer to Interrogatory No. 79. Specifically, a copy of each writing relating to your contention that David Gregory, or the driver of the vehicle that David Gregory was a passenger in at the time of the occurrence, was negligent.

REQUEST FOR PRODUCTION NO. 10: A copy of each and every document identified in your Answer to Interrogatory No. 84. Specifically, a copy of each writing relating to your contention that any negligence on the part of David Gregory, or the driver of the vehicle that David

3

Gregory was a passenger in at the time of the occurrence, was a proximate cause of this accident.

REQUEST FOR PRODUCTION NO. 11:  You are requested to sign and return to the office of Hale, Young & Partlow, the attached Authorization to Disclose Records Under the Health Insurance Portability and Accountability Act (HIPPA).

REQUEST FOR PRODUCTION NO. 12:   A copy of any mileage logs kept by you on the date of incident, and for the thirty (30) days preceding the incident.

REQUEST FOR PRODUCTION NO. 13:  A copy of any receipts for expenses incurred by you on the date of the incident, including but not limited to receipts for gas, meals, snacks, beverages, or hotels whether for you and/or any customer or client you entertained for business purposes.

REQUEST FOR PRODUCTION NO. 14:  A copy of any written or recorded statements made by you regarding the incident. (If you object to productions of any written or recorded statements, then please identify any statements that you possess but that are not being produced in order that a decision might be made as to whether it would be appropriate to file a motion to compel production).

REQUEST FOR PRODUCTION NO. 15:  Please produce copies of any expert reports, correspondence or memoranda setting forth any opinions of expert witnesses retained on your behalf.

REQUEST FOR PRODUCTION NO. 16:  A copy of all insuring and/or indemnity agreements (whether primary, secondary, excess, self insurance etc.) providing potential coverage and/or indemnification with respect to the collision referred to in the Plaintiff's Complaint, together with copies of each declarations page(s) and copies of any notices by which any insurer and/or indemnitor has stated that the claim was being defended under a reservation of rights.

4

REQUEST FOR PRODUCTION NO. 17: Copies of all exhibits you intend upon introducing at trial.

REQUEST FOR PRODUCTION NO. 18: Copies of all demonstrative aides that you intend upon displaying to the jury at trial of this case.

REQUEST FOR PRODUCTION NO. 19: Copies of all photographs identified in your Answer to Interrogatory No. 137. Specifically, copies of photographs taken of the vehicles involved in the accident and/or the accident scene.

REQUEST FOR PRODUCTION NO. 20: You are requested to sign and return to the office of Hale, Young & Partlow the attached Release of Criminal and Driving Record form.

REQUEST FOR PRODUCTION NO. 21: You are requested to sign and return to the office of Hale, Young & Partlow the attached Authorization for Release of School and Employment Records.

Respectfully submitted,

James C. Hale, III (#89056)
Hale, Young & Partlow
66 Mound City Road
Marion, Arkansas 72364
(870) 739-1888

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name: _____

Health Care Provider: _____

Patient Date of Birth: _____

Patient SSN: _____

1.  I authorize the HEALTH CARE PROVIDER to make disclosure of the PATIENT'S health information as described below. This authorization is intended to comply with the requirements of the Health Insurance Portability and Accountability Act of 1996 ['HIPPA'], HIPAA regulations, and other State and Federal laws and regulations that may create a right of privacy in the health information approved to be disclosed by this authorization.

2.  The health information to be disclosed is as follows [with dates included if a limitation date applies]:

    All nursing home, hospital, physician, nurse, pharmacy, dental, psychiatric, drug treatment, and other health care records describing care, treatment, opinions, or services, treatment and therapy records, medication records, prescriptions, diagnostic studies, imaging films, x-rays, monitoring strips, laboratory tests and results, data, charts, admission/transfer sheet [e.g., nursing home, ambulance, hospital], history and physical, discharge summaries, physician orders, all records documenting communications with the physician, progress notes, nursing assessment and summaries, evaluations, discharge plans, care plans [including Minimum Data Sets and Resident Assessment Protocol sheets], care plan audits, medication sheets, treatment sheets, graphs, input and output records, flow sheets, ADL flow sheets, drug reviews, nutritional assessments and dietary notes and records, weight records, restorative records, activity records, social therapy records, respiratory records, photographs, recordings, administrative records, consents, advance directives, complete billing history/reports/invoices, Medicare, Medicaid, or Veteran's Administration claims, notes, correspondence, third-parties as to the care or treatment provided, or care which could be provided, to PATIENT and any other information pertaining the treatment and care of PATIENT's injuries, illnesses, and conditions contained in the records of the HEALTH CARE PROVIDER or any agency or person having responsibility for monitoring the adequacy of care rendered by said HEALTH CARE PROVIDER, as well as any and all other records, information, and data relating to PATIENT's health that are in your possession, custody, or control.

3.  This information is to be disclosed to and used by the following individual or organization:

    My attorneys at HALE, YOUNG & PARTLOW, 66 Mound City Road, Marion, Arkansas, 72364, for the purpose of giving my attorneys full and complete access to health information in your possession, custody, or control.

4.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the HEALTH CARE PROVIDER. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my policy. Unless otherwise revoked, this authorization will expire on the following date, event, or condition three (3) years from the date of execution. I understate that the information in my health record may include information relating to a sexually transmitted disease, acquired information about behavioral or mental services or mental health services, and treatment for alcohol and drug abuse. I further understand that authorizing disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand that I may inspect or copy the information to be used or disclosed, as provided in 45 C.F.R. § 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by Federal and State confidentiality rules or by 45 C.F.R. § 164.508. Finally, I understand that if I have questions about disclosure of my health information, I can contact my attorneys or the HEALTH CARE PROVIDER listed above.


_____          Date: _____

Signature of Patient or Legal Representative


_____

If signed by Legal Representative, relationship to Patient

STATE OF ARKANSAS                   }
COUNTY OF CRITTENDEN            )

        SUBSCRIBED AND SWORN TO before me on this the ____ day of _____,
20____. To certify which, witness my hand and official seal


                                              _____
                                              Notary Public

My commission expires:

## AUTHORIZATION FOR RELEASE OF CRIMINAL RECORDS AND DRIVING RECORDS

I hereby authorize any local, state and/or federal agency to release any and all information or documentation that James C. Hale, III, or any agent or employee of Hale, Young & Partlow, may request regarding any and all criminal records and/or driving records of James Paxton.

**This Authorization for Release includes the examination and copying of any such records or information.  A photocopy of this signed Release shall have the same force and effect as the original.**

_____

ALEJANDRO PEREZ

Date of Birth:_____

Driver's License Number:_____
State DL:_____

STATE OF _____

COUNTY OF _____

SUBSCRIBED AND SWORN to before me, on this the _____ day of _____, 201_____.


_____

Notary Public


My Commission Expires:


_____

## AUTHORIZATION FOR RELEASE OF SCHOOL AND EMPLOYMENT RECORDS

The undersigned hereby authorizes you to release and furnish any and all records and information regarding my employment or education which may be requested by any representative or attorney of the law firm of Hale, Young & Partlow, 66 Mound City Road, Marion, Arkansas 72364, Telephone (870) 739-1888 Ext. 0, Fax: (870) 739-5561, or to any investigator working for the law firm of Hale Young & Partlow.

**This Authorization for Release includes the examination and copying of any such records or information. A photocopy of this signed Release shall have the same force and effect as the original.**

ALEJANDRO PEREZ

Date of Birth:_____

Social Security Number:_____

STATE OF _____

COUNTY OF _____

SUBSCRIBED AND SWORN to before me, on this the __ day of _____, 20____.

Notary Public

My Commission Expires:

_____

FILED

2016 NOV -3  AM 11: 07
TERRY HAWKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

**DAVID GREGORY**                                                    **PLAINTIFF**

vs.                          No. *CV-2016-655*
                                **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                    **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

---

### COMPLAINT

---

Comes now the Plaintiff, David Gregory, by and through his attorney, James C. Hale, III, and for his cause of action against the Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, states as follows:

1.  That the Plaintiff is a resident citizen of West Memphis, Crittenden County, Arkansas, and was the time of the accident giving rise to this action was a resident of West Memphis, Crittenden County, Arkansas.

2.  That the Defendant, Alejandro Perez, upon information and belief, was for all times relevant to this action was a resident citizen of County of Shelby, State of Tennessee.

3.  That the Defendant, Agrileum Environmental Services, LLC (hereinafter referred to as "Agrileum Environmental"), upon information and belief, is a foreign corporation formed under the laws of Delaware, which is engaged in the organic chemicals manufacturing business, with a principal place of business located at 2227 Deadrick Avenue, Memphis, Tennessee 38114-3645, and whose status with the Tennessee Secretary of State's Office is listed as being in good standing

1


EXHIBIT
2

with its registered agent for service of process listed as Capitol Corporate Services, Inc., 992

Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

 4. That the Plaintiff's cause of action arises out of a wreck which occurred in or near

Brookland, Craighead County, Arkansas on August 4, 2015.

 5. That venue and jurisdiction are proper in this Court.

 6. More particularly, the Defendant, Alejandro Perez, who was at all times relevant to this

cause of action the agent, servant and/or employee of Defendant, Agrileum Environmental, was

traveling southbound on Highway 49 in Brookland, Arkansas.  Plaintiff was a passenger in a

vehicle traveling southbound on Highway 49 in Brookland, Arkansas, when the Defendant,

Alejandro Perez, rear ended the vehicle in which Plaintiff was a passenger.

 7. That the Defendant, Alejandro Perez, was negligent because he was following too

close, failed to yield, was driving too fast for conditions then and their existing, failed to keep a

proper lookout, failed to keep his vehicle under proper control, and failed to maintain control of his

vehicle.  The Defendant, Alejandro Perez, failed to devote full time and attention to the operation

of the vehicle; he failed to maintain proper control; he failed to keep a proper lookout; he failed to

abide by the traffic markings; and he failed to use reasonable and ordinary care under the

circumstances then existing.

 8. That at the time of the wreck, Defendant, Alejandro Perez was employed by Defendant

Defendant, Agrileum Environmental, and was therefore the agent, servant and/or employee of the

Defendant, Agrileum Environmental, at the time of the wreck and therefore all of his actions,

inactions and negligence are imputed to Defendant, Agrileum Environmental, who is vicariously

liable for Defendant, Alejandro Perez's actions, inactions, and negligence which caused the wreck

2

that caused the Plaintiff's injuries complained of herein. The Defendants are, therefore, jointly and severally liable for the negligence of Alejandro Perez and, therefore, are sued jointly and severally.

9. That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered diminished capacity to enjoy life and daily activities, all for which he should be compensated for by the Defendants.

10. That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered and has incurred extensive medical expenses, all for which he should be compensated for by the Defendants.

11. That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has had to undergo extensive and painful medical treatment and will require future medical treatment as well, all for which he should be compensated for by the Defendants.

12. That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered pain and suffering in the past and will suffer same in the future, all for which he should be compensated for by the Defendants.

13. That as a direct and proximate result of the Defendants' negligent actions and inactions, Plaintiff has suffered a loss of income and earning capacity, all for which he should be compensated for by the Defendants.

14. That as a direct and proximate result of the Defendant's negligent actions and inactions, the Plaintiff has suffered monetary losses other than medical expenses, all for which he should be compensated for by the Defendants.

3

15.   That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered mental anguish in the past, and will suffer mental anguish in the future, all for which he should be compensated for by the Defendants.

16.   That the amount in controversy is less than needed to invoke Federal jurisdiction in diversity of jurisdiction cases.

17.   That the Plaintiff demands a trial by jury.

18.   That the Plaintiff reserves the right to amend his pleadings at a later date.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter a judgment against Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, jointly and severally, in an amount sufficient to adequately compensate Plaintiff for the damages he has suffered as a direct and proximate result of the acts of negligence of Defendants, for attorney's fees and costs, and for any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

James O. Hale, III (#89056)
Attorney at Law
66 Mound City Road
Marion, Arkansas 72364
(870) 739-1888

4

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

**DAVID GREGORY**                                                   **PLAINTIFF**

**vs.**                                    No. CV-R 2016- 655
                                              **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                   **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**   Agrileum Environmental Services, LLC,
c/o Registered Agent-Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville,
Tennessee 37205-1051

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address is:   Thomas A. Young, 66 Mound City Road Marion, Arkansas 72364

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices:**   Plaintiff's First Set of Interrogatories Propounded to Defendant, Agrileum
Environmental Services, LLC and Plaintiff's First Set of Requests for Production of Documents
to Defendant, Agrileum Environmental Services, LLC

  WITNESS my hand and seal of this Court on this 3rd day of Nov 2016.

Circuit Court Clerk                                    CIRCUIT COURT CLERK
100 Court Street
Marion, Arkansas 72364                     BY: Carolyn Perry                       D.C.

No. CV-2016-_____  **This summons is for Agrileum Environmental Services, LLC.**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or
  ☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or
☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or
  ☐ I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.
  ☐ Other [specify]: _____
  ☐ I was unable to execute service because: _____
_____

My fee is $ ____.

By: _____
   Signature of server

   _____
   Printed name and title
   Address:_____
   Phone:_____

Subscribed and sworn to before me this date: _____.

   _____
   Notary Public

My commission expires: _____

Additional information regarding service or attempted service:
_____
_____

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

**DAVID GREGORY**                                                                    **PLAINTIFF**

**vs.**                                          No.*CV 2016-655*
                                                 **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                            **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ALEJANDRO PEREZ

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James C.

Hale, III, and propounds the following First Set of Requests for Production of Documents to the

Defendant, Alejandro Perez, to be answered under oath within forty-five (45) days in accordance

with the Arkansas Rules of Civil Procedure:

### DEFINITIONS

    A.    **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or its driver, ALEJANDRO PEREZ, whichever contextually applies.

    B.    **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed in this action.

    C.    **OCCURRENCE** means the motor vehicle collision that occurred on August 4, 2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

    D.    **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL SERVICES, LLC.

    E.    **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle, VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM ENVIRONMENTAL.

    F.    **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident report as being the Driver of the DEFENDANT'S VEHICLE.

1

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

**DAVID GREGORY**                                                                    **PLAINTIFF**

**vs.**                                    No. *CV-2016-655*

                                          **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                          **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANT, AGRILEUM ENVIRONMENTAL SERVICES, LLC

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James C. Hale, III, and for his First Set of Interrogatories Propounded to Defendant, Agrileum Environmental Services, LLC, to be answered in writing and under oath within forty-five (45) days in accordance with the Arkansas Rules of Civil Procedure, sets forth the following:

### DEFINITIONS

A.    **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.    **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed in this action.

C.    **OCCURRENCE** means the motor vehicle collision that occurred on August 4, 2015 on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.    **AGRILEUM ENVIRONMENTAL** means Agrileum Environmental Services, LLC.

E.    **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle, VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM ENVIRONMENTAL.

F.    **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident report as being the Driver of the DEFENDANT'S VEHICLE.

1

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                             **PLAINTIFF**

**vs.**                          No. *CV-2016-655*

                                      **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                      **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, AGRILEUM ENVIRONMENTAL SERVICES, LLC

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James

C. Hale, III, and propounds the following First Set of Requests for Production of Documents to the

Defendant, Agrileum Environmental Services, LLC, to be answered under oath within forty-five

(45) days in accordance with the Arkansas Rules of Civil Procedure:

### DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

1

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

2016 NOV 13

CIRCUIT COURT CLERK

To send a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: Crittenden         District: Second         Docket Number: CV-2016 - 6 55

Judge: Honeycutt         Division: Civil         Filing Date: _____

Plaintiff: David Gregory         Defendant: Alejandro Perez and Agrileum Environmental Services, LLC

Attorney Providing Information: James C. Hale, III         66 Mound City Road, Marion, AR 72364
☒ Plaintiff   ☐ Defendant   ☐ Intervenor         Address

Litigant, if Pro Se: _____

Related Case(s): Judge_____         Address
Case Number(s) _____

## Type of Case:

| Torts | Equity | Miscellaneous |
|---|---|---|
| ☒ (NM) Negligence: Motor Vehicle | ☐ (FC) Foreclosure | ☐ (CD) Condemnation |
| ☐ (NO) Negligence: Other | ☐ (QT) Quiet Title | ☐ (RE) Replevin |
| ☐ (BF) Bad Faith | ☐ (IJ) Injunction | ☐ (DJ) Declaratory Judgment |
| ☐ (FR) Fraud | ☐ (PT) Partition | ☐ (UD) Unlawful Detainer |
| ☐ (MP) Malpractice | ☐ (OT) Other _____ | ☐ (IN) Incorporation |
| ☐ (PL) Product Liability | | ☐ (EL) Election |
| ☐ (OD) Other _____ | | ☐ (FJ) Foreign Judgment |
| Contracts | | ☐ (WT) Writs_____ |
| ☐ (IS) Insurance | | ☐ (AA) Administrative Appeal |
| ☐ (DO) Debt: Open Account | | ☐ (CF) Property Forfeiture |
| ☐ (PN) Debt: Promissory Note | | ☐ (RD) Remove Disabilities |
| ☐ (EM) Employment | | ☐ (NC) Name Change |
| ☐ (OC) Other _____ | | ☐ (OM) Other _____ |

**Jury Trial Requested:** ☒ Yes ☐ No         **Manner of Filing:** ☒ Original ☐ Re-open ☐ Transfer
☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____    ☐ Bench Trial    ☐ Non-Trial    ☐ Jury Trial

| Judgment Type: | Dismissal Type: | Other: |
|---|---|---|
| ☐ (DJ) Default Judgment | ☐ (DW) Dismissed with Prejudice | ☐ (TR) Transferred to Another Jurisdiction |
| ☐ (SJ) Summary Judgment | ☐ (DN) Dismissed without Prejudice | ☐ (RB) Removed to Bankruptcy Court |
| ☐ (CJ) Consent Judgment | | ☐ (RF) Removed to Federal Court |
| ☐ (TJ) Trial Judgment | | ☐ (AR) Arbitration |
| ☐ (OJ) Other Judgment | | |
| ☐ (PG) Petition Granted | | |
| ☐ (PD) Petition Denied | | |
| ☐ (DF) Decree of Foreclosure | | |

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both         Judgment Amount: $ _____

Clerk's Signature _____         Date _____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**

FILED

2016 NOV -3 AM 11:07

CIRCUIT COURT CLERK
CRITTENDEN COUNTY AR

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

DAVID GREGORY                                                        PLAINTIFF

vs.                              No. CV-2016-655
                                    **JURY DEMANDED**

ALEJANDRO PEREZ and                                          DEFENDANTS
AGRILEUM ENVIRONMENTAL SERVICES, LLC

---

## COMPLAINT

---

     Comes now the Plaintiff, David Gregory, by and through his attorney, James C. Hale, III, and for his cause of action against the Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, states as follows:

     1.  That the Plaintiff is a resident citizen of West Memphis, Crittenden County, Arkansas, and was the time of the accident giving rise to this action was a resident of West Memphis, Crittenden County, Arkansas.

     2.  That the Defendant, Alejandro Perez, upon information and belief, was for all times relevant to this action was a resident citizen of County of Shelby, State of Tennessee.

     3.  That the Defendant, Agrileum Environmental Services, LLC (hereinafter referred to as "Agrileum Environmental"), upon information and belief, is a foreign corporation formed under the laws of Delaware, which is engaged in the organic chemicals manufacturing business, with a principal place of business located at 2227 Deadrick Avenue, Memphis, Tennessee 38114-3645, and whose status with the Tennessee Secretary of State's Office is listed as being in good standing

1



with its registered agent for service of process listed as Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

4.   That the Plaintiff's cause of action arises out of a wreck which occurred in or near Brookland, Craighead County, Arkansas on August 4, 2015.

5.   That venue and jurisdiction are proper in this Court.

6.   More particularly, the Defendant, Alejandro Perez, who was at all times relevant to this cause of action the agent, servant and/or employee of Defendant, Agrileum Environmental, was traveling southbound on Highway 49 in Brookland, Arkansas.   Plaintiff was a passenger in a vehicle traveling southbound on Highway 49 in Brookland, Arkansas, when the Defendant, Alejandro Perez, rear ended the vehicle in which Plaintiff was a passenger.

7.   That the Defendant, Alejandro Perez, was negligent because he was following too close, failed to yield, was driving too fast for conditions then and their existing, failed to keep a proper lookout, failed to keep his vehicle under proper control, and failed to maintain control of his vehicle.   The Defendant, Alejandro Perez, failed to devote full time and attention to the operation of the vehicle; he failed to maintain proper control; he failed to keep a proper lookout; he failed to abide by the traffic markings; and he failed to use reasonable and ordinary care under the circumstances then existing.

8.   That at the time of the wreck, Defendant, Alejandro Perez was employed by Defendant Defendant, Agrileum Environmental, and was therefore the agent, servant and/or employee of the Defendant, Agrileum Environmental, at the time of the wreck and therefore all of his actions, inactions and negligence are imputed to Defendant, Agrileum Environmental, who is vicariously liable for Defendant, Alejandro Perez's actions, inactions, and negligence which caused the wreck

2

that caused the Plaintiff's injuries complained of herein.   The Defendants are, therefore, jointly and severally liable for the negligence of Alejandro Perez and, therefore, are sued jointly and severally.

9.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered diminished capacity to enjoy life and daily activities, all for which he should be compensated for by the Defendants.

10.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has suffered and has incurred extensive medical expenses, all for which he should be compensated for by the Defendants.

11.   That as a direct and proximate result of the Defendants' negligent actions and inactions, the Plaintiff has had to undergo extensive and painful medical treatment and will require future medical treatment as well, all for which he should be compensated for by the Defendants.

12.   That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered pain and suffering in the past and will suffer same in the future, all for which he should be compensated for by the Defendants.

13.   That as a direct and proximate result of the Defendants' negligent actions and inactions, Plaintiff has suffered a loss of income and earning capacity, all for which he should be compensated for by the Defendants.

14.   That as a direct and proximate result of the Defendant's negligent actions and inactions, the Plaintiff has suffered monetary losses other than medical expenses, all for which he should be compensated for by the Defendants.

3

15.    That as a direct and proximate result of the Defendant's negligent actions and inactions, Plaintiff has suffered mental anguish in the past, and will suffer mental anguish in the future, all for which he should be compensated for by the Defendants.

16.    That the amount in controversy is less than needed to invoke Federal jurisdiction in diversity of jurisdiction cases.

17.    That the Plaintiff demands a trial by jury.

18.    That the Plaintiff reserves the right to amend his pleadings at a later date.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter a judgment against Defendants, Alejandro Perez and Agrileum Environmental Services, LLC, jointly and severally, in an amount sufficient to adequately compensate Plaintiff for the damages he has suffered as a direct and proximate result of the acts of negligence of Defendants, for attorney's fees and costs, and for any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

_____
James O. Hale, III (#89056)
Attorney at Law
66 Mound City Road
Marion, Arkansas 72364
(870) 739-1888

4

No. CV-2016-_____ **This summons is for Alejandro Perez.**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or
☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or
☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or
☐ I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.
☐ Other [specify]: _____
☐ I was unable to execute service because: _____
_____

My fee is $ _____.

By: _____
                  Signature of server

           _____
                  Printed name and title
           Address:_____
           Phone:_____

Subscribed and sworn to before me this date: _____.

                  _____
                  Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

**DAVID GREGORY**                                                    **PLAINTIFF**

**vs.**                                    No. *CV-2016- 655*
                                           **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                              **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**   Alejandro Perez, 2188 Cherry Valley
Lane, Memphis, Tennessee 38116-1119

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address is:   Thomas A. Young, 66 Mound City Road Marion, Arkansas 72364

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices:**   Plaintiff's First Set of Interrogatories Propounded to Defendant,
Alejandro Perez and Plaintiff's First Set of Requests for Production of Documents to Defendant,
Alejandro Perez

WITNESS my hand and seal of this Court on this **3rd** day of **NOV** 2016.

Circuit Court Clerk                          CIRCUIT COURT CLERK
100 Court Street
Marion, Arkansas 72364                       BY: *Carolyn Perry*                D.C.

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

DAVID GREGORY                                              PLAINTIFF

vs.                            No. *CV 2016-655*

                              **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                    **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT, ALEJANDRO PEREZ**

COMES now the Plaintiff, David Gregory, by and through his counsel of record, James

C. Hale, III, and for Plaintiff's First Set of Interrogatories to Defendant, Alejandro Perez, to be

answered in writing and under oath within forty-five (45) days in accordance with the Arkansas

Rules of Civil Procedure, sets forth the following:

**DEFINITIONS**

A.    **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.    **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.    **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.    **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.    **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.    **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                              **PLAINTIFF**

**vs.**                                 No. *CV-R2016- 655*
                                           **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                        **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**   Agrileum Environmental Services, LLC,
c/o Registered Agent-Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville,
Tennessee 37205-1051

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address is:   Thomas A. Young, 66 Mound City Road Marion, Arkansas 72364

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices:**   Plaintiff's First Set of Interrogatories Propounded to Defendant, Agrileum
Environmental Services, LLC and Plaintiff's First Set of Requests for Production of Documents
to Defendant, Agrileum Environmental Services, LLC

WITNESS my hand and seal of this Court on this *3rd* day of *Nov*    2016.

Circuit Court Clerk                          CIRCUIT COURT CLERK
100 Court Street
Marion, Arkansas 72364                       BY: *Carolyn Perry*                D.C.

No. CV-2016-_____   **This summons is for Agrileum Environmental Services, LLC.**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or
☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or
☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at least 14
years of age who resides there, on _____ [date]; or
☐ I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.
☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy
of the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.
☐ Other [specify]: _____
☐ I was unable to execute service because: _____
_____

My fee is $ ____.

By: _____
                    Signature of server

                    _____
                    Printed name and title
                    Address:_____
                    Phone:_____

Subscribed and sworn to before me this date: _____.

                    _____
                    Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

**DAVID GREGORY**                                                                                    **PLAINTIFF**

**vs.**                                                    No.CV 2016-655
                                                          **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                                          **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**PROPOUNDED TO DEFENDANT, AGRILEUM ENVIRONMENTAL SERVICES, LLC**

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James

C. Hale, III, and for his First Set of Interrogatories Propounded to Defendant, Agrileum

Environmental Services, LLC, to be answered in writing and under oath within forty-five (45)

days in accordance with the Arkansas Rules of Civil Procedure, sets forth the following:

## DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015 on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means Agrileum Environmental Services,
LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

1

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID GREGORY**                                                        **PLAINTIFF**

**vs.**                                     No. *CV-2016-655*
                                             **JURY DEMANDED**

**ALEJANDRO PEREZ and**                                          **DEFENDANTS**
**AGRILEUM ENVIRONMENTAL SERVICES, LLC**

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, AGRILEUM ENVIRONMENTAL SERVICES, LLC

COMES now the Plaintiff, David Gregory, by and through his attorney of record, James

C. Hale, III, and propounds the following First Set of Requests for Production of Documents to the

Defendant, Agrileum Environmental Services, LLC, to be answered under oath within forty-five

(45) days in accordance with the Arkansas Rules of Civil Procedure:

## DEFINITIONS

A.      **DEFENDANT** means AGRILEUM ENVIRONMENTAL SERVICES, LLC, or
its driver, ALEJANDRO PEREZ, whichever contextually applies.

B.      **PLAINTIFF** means DAVID GREGORY, as set out in Plaintiff's Complaint filed
in this action.

C.      **OCCURRENCE** means the motor vehicle collision that occurred on August 4,
2015, on Highway 49 in or near Brookland, Craighead County, Arkansas.

D.      **AGRILEUM ENVIRONMENTAL** means AGRILEUM ENVIRONMENTAL
SERVICES, LLC.

E.      **DEFENDANT'S VEHICLE** means a black 1999 Ford 19500 pickup vehicle,
VIN No. 1FDAF57F9XEA91725 said vehicle being owned by AGRILEUM
ENVIRONMENTAL.

F.      **DEFENDANT'S DRIVER** means ALEJANDRO PEREZ listed on the accident
report as being the Driver of the DEFENDANT'S VEHICLE.

**Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

## FILING INFORMATION

County: Crittenden

District: Second

Docket Number: CV-2016 - 655

Judge: Honeycutt

Division: Civil

Filing Date:

Plaintiff: David Gregory

Defendant: Alejandro Perez and Agrileum Environmental Services, LLC

Attorney Providing Information: James C. Hale, III

☒ Plaintiff   ☐ Defendant   ☐ Intervenor

Address: 66 Mound City Road, Marion, AR 72364

Litigant, if Pro Se:

Address:

Related Case(s): Judge

Case Number(s)

## Type of Case:

*Torts*
- ☒ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☐ (OD) Other _____

*Contracts*
- ☐ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other _____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other _____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs_____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other _____

**Jury Trial Requested:** ☒ Yes ☐ No

**Manner of Filing:** ☒ Original ☐ Re-open ☐ Transfer
☐ Return from Federal/Bankruptcy Court

## DISPOSITION INFORMATION

Disposition Date: _____   ☐ Bench Trial   ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both        Judgment Amount: $ _____

Clerk's Signature _____        Date _____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition
Keep original in court file.

**Effective 1-1-2002**

IN THE CIRCUIT COURT FOR CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

DAVID GREGORY

      Plaintiff,

vs.                                                          No. CV-2016-655

ALEJANDRO PEREZ and
AGRILEUM ENVIRONMENTAL SERVICES, LLC

      Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTE that the Defendants Alejandro Perez and Agrileum Environmental Services, LLC filed with the Clerk of the United States District Court for the Eastern District of Arkansas, Jonesboro Division on December 2, 2016 a Notice of Removal from the Circuit Court of Crittenden County, Arkansas, Civil Division to the United States District Court for the Eastern District of Arkansas, Jonesboro Division.   Defendants Alejandro Perez and Agrileum Environmental Services, LLC attach hereto as **Exhibit 1,** a copy of the Notice of Removal.



HICKMAN, GOZA & SPRAGINS, PLLC

BY: _____

Russell B. Jordan (ARK # 2013122)
Attorneys for Defendants Alejandro
Perez and Agrileum Environmental
Services, LLC
P.O. Box 16340
119 So. Main St., Suite 500
Memphis, TN 38186
(901) 881-9840 Ext 102 - phone
(844) 256-0993 - facsimile

E-Mail address:   RJordan@Hickmanlaw.com

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that a true copy of the foregoing has been served upon the following:

**Via Fax to (870) 739-5561 and Via U.S. Mail**
**Via Email to hhystaff@yahoo.com**
Mr. James C. Hale, III
Attorney at Law
66 Mound City Road
Marion, Arkansas 72364

Via First Class U.S. Mail, postage prepaid, Fax and E-Mail, as indicated above, this 2nd day of December, 2016 and a true copy was filed with the Circuit Court Clerk of Crittenden County, Arkansas this the 2nd day of December, 2016.

_____
Russell B. Jordan